IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DARIN ROBERT WARD,                          :
                                            :
        Plaintiff                           :
                                            :
        VS.                                 :       NO. 5:07-CV-213 (WDO)
                                            :
JOHNNY CALDWELL, JR.;                       :
UPSON COUNTY SUPERIOR COURT,                 :
                                            :
        Defendants                          :       **ORDER**
                                            :

Plaintiff **DARIN ROBERT WARD**, a pretrial detainee at the Upson County Jail in

Thomaston, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

### I.  IN FORMA PAUPERIS APPLICATION

Plaintiff seeks leave to proceed without prepayment of the filing fee or security

therefor pursuant to 28 U.S.C. § 1915(a).  As it appears plaintiff is unable to pay the cost of

commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must

nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the

prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets

are not in the account, the court must assess an initial partial filing fee based on the assets

available. Despite this requirement, a prisoner may not be prohibited from bringing a civil

action because he has no assets and no means by which to pay the initial partial filing fee.

28 U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing

1

Dockets.Justia.com

fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements.  First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States.  ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11ᵗʰ Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  ***Id***.

### III.  STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff has filed a rambling, illegible complaint against Judge Johnny Caldwell, Jr. and the Upson County Superior Court.  Although it is difficult to decipher, it appears that plaintiff was originally charged with child molestation and released on bond.  Apparently, plaintiff was later "arrested on a bench warrant for not making it to court."  According to plaintiff, he was "arrested on the wrong bench warrant and prosses (sic) on the wrong bench warrant."  Plaintiff also seems to complain that, after arrest on the outstanding warrant, he was not taken before a magistrate judge within 72 hours.  Plaintiff states that he tried to tell Judge Johnny Caldwell, Jr. that the bench warrant was incorrect during his appearance before the Judge on March 30, 2007; but Judge Caldwell "would not even look at [his] documents."  Plaintiff alleges that Upson County officials (including Judge Caldwell) are conspiring to get him to plead guilty, but he will not do so.  Apparently plaintiff is still in jail awaiting trial on the outstanding charges.

Because plaintiff is proceeding *pro se*, the Court holds his complaint to a less stringent

standard. *Haines v. Kerner*, 404 U.S. 519 (1972)).  However, even construing plaintiff's

complaint liberally, it is apparent that this action must be dismissed.  First, to any extent that

plaintiff is seeking release from jail, such relief is not available in a 42 U.S.C. § 1983 action.

*See Preiser v. Rodriquez*, 411 U.S. 475 (1972).  Challenges to the duration or fact of

confinement, as opposed to conditions of confinement, are cognizable solely by petition for

writ of habeas corpus.[1]

Moreover, it appears that state criminal charges are still pending against plaintiff.  To

any extent that plaintiff is requesting this Court to inquire into the validity of the charges,

*Younger v. Harris*, 401 U.S. 37 (1971) requires the Court to abstain from interfering with

the ongoing state court criminal proceedings.

In relation to plaintiff's claim that a hearing was not held within 72 hours of his arrest,

courts have explained that although the failure to promptly take an accused before a

magistrate may violate state law, it does not rise to the status of a denial of due process.

*Stephenson v. Gaskins,* 539 F.2d 1066, 1068 (5th Cir. 1976).[2]  Therefore, to any extent

plaintiff seeks to make this claim, it is not viable under 42 U.S.C. § 1983.

Finally, "[j]udges are absolutely immune from civil liability under section 1983 for

---

[1]The plaintiff should note that this Court may not consider a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241 until plaintiff has exhausted his available state remedies on each of his claims.

[2]In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.

acts performed in their judicial capacity, provided such acts are not done in the clear absence of all jurisdiction." ***Roland v. Phillips***, 19 F.3d 552, 555 (11th Cir 1994).  Judge Caldwell's actions during the March 30, 2007 criminal proceeding certainly constituted judicial actions and there is no allegation that Judge Caldwell lacked jurisdiction in that proceeding. Therefore, he is immune from liability.

### *IV.  CONCLUSION*

For the reasons explained above, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 7th day of June, 2007.

S/
WILBUR D. OWENS, JR.
UNITED STATES DISTRICT JUDGE

lnb